UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lailaa Iqbal, et al., | No. 2:23-cv-01299-KJM-CSK |
| Plaintiffs, | ORDER |
| v. | |
| Marco Rubio, et al., | |
| Defendants. | |

In this action, plaintiffs Muhammad Hassan and Irsa Jamil allege the defendants—the Secretary of State[1] and other federal officials, all named in their official capacities—have unreasonably delayed a decision on Jamil's pending application for a visa to join Hassan, her spouse and a U.S. citizen, in the United States. *See* Prev. Order at 1, 5, 7, ECF No. 55. According to the complaint, Jamil is a Pakistani national. *See* Compl. ¶ 18, ECF No. 1. The parties each move for reconsideration of certain aspects of this court's prior order docketed at ECF No. 55. As explained below, those motions are **denied**.

**I.    BACKGROUND**

The court's previous order denied defendants' motion for summary judgment based on an analysis of the six-factor balancing test the Ninth Circuit has instructed district courts to use when

---

[1] Defendant Rubio was substituted automatically in place of his predecessor, Antony Blinken, under Federal Rule of Civil Procedure 25(d).

1

1 deciding whether an agency has unreasonably delayed a decision under the Administrative Procedure Act (APA). *See id.* at 14–21 (citing *In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138–39 (9th Cir. 2020), in turn citing *Telecommc'ns Rsch. & Action Ctr. v. F.C.C.* (*TRAC*), 750 F.2d 70, 79–80 (D.C. Cir. 1984)). Defendants were not entitled to judgment as a matter of law based on the record as it then stood. In short, the factors favored neither side conclusively on the record before the court:

1. The first and most important factor is whether the delay passed the "rule of reason." *TRAC*, 750 F.2d at 80 (citation omitted). The record in this case showed the delays in processing Jamil's application were due at least in part to a variety of circumstances beyond defendants' control, from the intervening COVID-19 pandemic to the Taliban's assault on Kabul, Afghanistan. *See* Prev. Order at 14–17. To compound these difficulties, the government has struggled to find people who are qualified to make decisions about visa applications, which has prevented defendants from filling multiple vacancies in the ranks of their reviewing staff. *See id.* at 15.

2. Under the second factor, courts consider whether Congress has "provided a timetable or other indication of the speed with which it expects the agency to proceed." *TRAC*, 750 F.2d at 80. Although Congress appears to have expected the State Department to make decisions on visa applications within thirty days—much faster than the years it has taken defendants to process the application in this case—Congress has not set a statutory timetable or cutoff. Prev. Order at 17–19.

3. It also is relevant, under factor number three, whether the interests at stake are merely "economic" or instead relate to "health and welfare." *TRAC*, 750 F.2d at 80. Defendants did not dispute plaintiffs' allegations of "significant emotional, psychological and financial hardships as a result of the prolonged and indefinite family separation caused by defendants' delay." Prev. Order at 19–20.

4. Fourth, courts "consider the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. The court

agreed with defendants that it could not set the government's priorities or permit the plaintiffs to "cut in line." Prev. Order at 20 (citation omitted). But the record did not show whether granting Jamil's application would put her in front of "other similarly situated applicants who have been waiting the same amount or longer time." *Id.* at 21. The parties agreed, in fact, that there was no "first-in, first-out" queue of applications. *Id.* Nor had defendants offered "evidence of the 'line' plaintiffs were supposedly cutting," nor explained what "competing or higher priorities" were at stake. *Id.* The court did not question defendant's "role in making sure visa applicants do not pose national security risks." *Id.* Nor did the court doubt defendants "are working with limited consular resources." *Id.* But the court found that security concerns and limited resources "do not excuse defendants from their duty to adjudicate plaintiffs' immigrant visa applications within a reasonable time." *Id.*

5. As with the third factor, the fifth factor requires courts to "take into account . . . the nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80. In Jamil's case, this factor weighed in her favor, given her shared interests with Hassan. *See id.* at 19–21.

6. Finally, under factor six, the court weighs any "impropriety" or bad faith in the government's actions, but a plaintiff can prevail without showing any impropriety. *See TRAC*, 750 F.2d at 80 (citation omitted). There was no evidence of impropriety or bad faith in this case. Prev. Order at 21.

In addition to undertaking this balancing exercise, the court considered whether to grant plaintiffs' request to compel defendants to produce "the full administrative record." *Id.* at 12. The court denied that request. Plaintiffs had supported their arguments with citations to cases about arbitrary or unreasonable "final agency actions." *Id.* In this case, by contrast, plaintiffs allege there has been no "final agency action," so the court found the cited authorities unpersuasive. *Id.*

As noted, both plaintiffs and defendants ask this court to reconsider its previous order: plaintiffs move for reconsideration of their request for the full administrative record, and defendants argue the court clearly erred in balancing the six *TRAC* factors. Briefing on both reconsideration motions is now complete. *See generally* Defs.' Mot., ECF No. 61; Pls.' Opp'n, ECF No. 63; Defs.' Reply, ECF No. 64; Pls.' Mot., ECF No. 59; Defs.' Opp'n 62; Pls.' Reply, ECF No. 65. The court took the matter under submission without holding a hearing. Min. Order, ECF No. 60.

The relevant legal standard is the same for both motions. Federal district courts have inherent authority to revise their pretrial orders if doing so is "consonant with equity." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 697 (2025) (quoting *John Simmons Vo. v. Grier Brothers Co.*, 258 U.S. 92, 91 (1922)). But barring any "highly unusual circumstances," district courts do not reconsider their pretrial orders unless they are "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). This means litigants ordinarily cannot "raise arguments or present evidence for the first time" in a motion for reconsideration "when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor do federal district courts entertain requests to revisit an argument a party has already advanced unsuccessfully, absent clear error. *See, e.g.*, *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009).

**II.   PLAINTIFFS' MOTION**

As noted, plaintiffs ask the court to reconsider its decision not to order the government to file a complete administrative record. Plaintiffs do not cite intervening changes in the record or law. They cite materials that were previously available to them, and they reiterate arguments they presented in their original motion. *See, e.g.*, Pls.' Mot. at 5–7 (citing statutes, cases and other materials predating the court's order). Nor have plaintiffs identified any clear errors in the court's previous order. To the contrary, under circuit precedent, this court's "review is not limited to the record as it existed at any single point in time, because there is no final agency action to

4

1  demarcate the limits of the record." Prev. Order at 12 (quoting *Friends of the Clearwater v.*
2  *Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000)).

3      If plaintiffs lack the evidence they believe is necessary to show relevant facts are in
4  dispute, they may rely on the relevant local and civil rules to procure that evidence, as defendants
5  persuasively argued in opposition to plaintiffs' original motion. *See* Defs.' Opp'n Mot. Compel
6  at 4–5, ECF No. 39 (citing Fed. R. Civ. P. 56(d) and E.D. Cal. L.R. 260(b)). Plaintiffs motion to
7  reconsider is **denied**.

8  **III.   DEFENDANTS' MOTION**

9      Defendants contend for their part that this court clearly erred in its application of the six-
10  factor balancing test summarized above. *See* Defs.' Mot. at 4–5. They rely primarily on the
11  Ninth Circuit's decision in *Vaz v. Neal*. *See id.* at 5–7 (citing 33 F.4th 1131 (9th Cir. 2022)).

12      In *Vaz*, the plaintiff alleged the Department of Justice had unreasonably delayed its
13  investigation of his complaint against the attorney who had represented him in an immigration
14  case. *See* 33 F.4th at 1134. The plaintiff did not mention the controlling six-factor test,
15  summarized above and in this court's previous order. *See id.* at 1137–38; *see also* Prev. Order at
16  14–21. The circuit nevertheless went on to decide any argument about that test "would have
17  failed." 33 F.4th at 1138. In the circuit's opinion, the only relevant factors were one, three, four
18  and five. The circuit assumed without deciding the first factor would weigh in the plaintiff's
19  favor; about four years had elapsed since the plaintiff had filed his complaint. *Id.* But the third
20  and fifth factors weighed in favor of the government: there was no evidence to show the
21  government's delay was harming the plaintiff's health or welfare. *See id.* And finally, with
22  respect to factor four, the circuit cited the government's "limited resources" and the "hundreds of
23  pending complaints, many of which were received before [the plaintiff] filed his complaint." *Id.*
24  The circuit found that if it required the government to process the plaintiff's complaint first—
25  before these other complaints—it would be interfering with the government's decisions about
26  how to allocate its limited resources. *See id.* The circuit had "no reason to believe that the
27  Department of Justice's allocation of resources to the [reviewing agency] caused [that agency] to

5

unreasonably delay in complying with its duty to investigate [the plaintiff's] complaint." *Id.* at 1138 n.7.

Although *Vaz* is indeed binding—the circuit's opinion is published, and it applies the same six-factor test this court must use to adjudicate the plaintiffs' claims in this case—its value as a precedent is quite limited in this case, as the circuit's reasoning was tied directly to the dispute and evidence before it in that one case. At most the opinion establishes a four-year delay is not unreasonable as a matter of law if at least two things are true: (1) the delay will not harm the plaintiff's health or welfare and (2) no evidence shows the government's decisions about how to allocate its resources caused the delay. In a footnote, the circuit even emphasized its decision should not be interpreted "as holding that an agency's limited resources always supports denying relief under the APA." *Id.* at 1138 n.7. The record in this case is different from that in *Vaz*: the government explained its delay by citing factors beyond its control (factor one); there was no statutory timetable, but Congress appeared to have expected the government to act much faster than it has (factor two); the parties did not dispute that the delay had caused significant emotional, psychological and financial hardships to Jamil and Hassan (factors three and five); and no evidence showed a judgment in plaintiffs' favor would unfairly put her ahead of others or prevent the government from pursuing any particular competing or higher priorities (factor four). The court expressly agreed with defendants that it could not set the government's priorities or allow the plaintiffs to "cut in line." Prev. Order at 20. But after careful consideration the court found that was not enough to tip the balance in the government's favor on the record it had presented. *See id.* at 21. In short, the government's motion invites this court to do what the panel cautioned against in its footnote in *Vaz*: to hold the fourth factor always weighs in the government's favor, even decisively so, when an agency has limited resources. For all of these reasons, the court perceives no clear error in its previous order.

The government also argues the court overlooked evidence about the limited number of staffers who can review security requests, the thousands of pending requests, and the government's interest in protecting national security. *See* Defs.' Mot. at 8–9. The court did not overlook this evidence, nor the other similar evidence the parties cited, including the declaration

of Carson Wu, as summarized above and in the previous order.  *See, e.g.*, Prev. Order at 6, 10–11, 15–17, 21.  As before, the government also cites cases in which other district courts have reviewed this evidence and found no unreasonable delay.  *Compare* Defs.' Mot. at 8 *with* Defs.' Summ. J. Reply at 9, ECF No. 47.  To be clear, the court here considered these arguments and the supporting evidence in response to defendants' previous motion, but did not find the government was entitled to judgment as a matter of law on that basis alone.  In any event, the government will have an opportunity to address this issue once more when the parties file their scheduled cross-motions.  *See* Stip. & Order, ECF No. 67 (setting briefing schedule).

### IV. CONCLUSION

The motions for reconsideration (ECF Nos. 59 and 61) are **denied**.

As previously ordered, cross-motions for summary judgment are due **within thirty days** of the date this order is filed.  ECF No. 67.

IT IS SO ORDERED.

DATED: July 1, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE