UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lailaa Iqbal, et al., | No. 2:23-cv-01299-KJM-CSK |
| Plaintiffs, | ORDER |
| v. | |
| Marco Rubio, et al., | |
| Defendants. | |

Plaintiffs request an award of their fees and costs under the Equal Access to Justice Act. ECF No. 75. Defendants oppose the motion, ECF No. 79, and plaintiffs have filed a reply, ECF No. 80. The court took the matter under submission without holding a hearing. ECF No. 78. As explained below, plaintiffs are not entitled to an award of fees and costs because they are not the "prevailing parties" in this action. Their motion is **denied**.

The plaintiffs are three U.S. citizens and their respective spouses, who each previously applied for immigrant visas to enter the United States. *See* Compl. ¶ 1, ECF No. 1. They alleged in this case, among other things, that the Secretary of State and others within the State Department were unreasonably delaying a final decision on their visa applications, and they sought relief under the Administrative Procedure Act. Defendants answered the complaint after the court denied their motion to dismiss in part, then they moved for summary judgment. *See generally* Mot. Summ. J., ECF No. 24; Order (Nov. 9, 2023), ECF No. 18; Answer, ECF No. 22.

1   While that motion was pending, the government granted two of the three pending visa
2   applications, rendering four of the plaintiffs' claims moot, and the parties stipulated to the
3   dismissal of their claims. ECF Nos. 31, 36. After the court later denied the motion for summary
4   judgment, ECF No. 55, the government granted the third visa application, and the action was
5   dismissed by the parties' stipulation, ECF No. 70.

6   Congress specified in the Equal Access to Justice Act that "a court shall award a
7   prevailing party other than the United States fees and other expenses" in certain cases brought
8   against the United States "unless the court finds that the position of the United States was
9   substantially justified or that special circumstances make an award unjust." 28 U.S.C.
10  § 2412(d)(1)(A). The Equal Access to Justice Act is one of many statutes that allows federal
11  courts to award attorney's fees and costs to a "prevailing party." *Buckhannon Bd. & Care Home,*
12  *Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602–03 (2001). The phrase
13  "prevailing party" is "a legal term of art." *Id.* at 603. It refers to plaintiffs who succeed on the
14  merits of at least some of their claims. *Id.* at 604 (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)
15  and *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). It also refers to plaintiffs who reach settlement
16  agreements enforced in a court-ordered consent decree. *Id.* (citing *Maher v. Gagne*, 448 U.S. 122
17  (1980)). The Ninth Circuit has recognized a number of other paths to becoming a "prevailing
18  party" beyond these prototypical examples as well. *See Carbonell v. I.N.S.*, 429 F.3d 894, 898–
19  01 (9th Cir. 2005) (citing cases about preliminary injunctions and legally enforceable settlement
20  agreements).

21  "To receive what one sought," however, "is not enough to prevail: the court must require
22  one's opponent to give it." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*,
23  589 F.3d 1027, 1031 (9th Cir. 2009). The plaintiff must have received "some form of judicially
24  sanctioned relief." *Citizens For Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128, 1132–33
25  (9th Cir. 2009). If a case was "dismissed before it reached that stage," then there is no
26  "prevailing party" in the necessary sense. *Id.* at 1134. For example, a plaintiff who persuades
27  federal immigration authorities to change his immigration status while his case is pending is not a
28  "prevailing party" if the court did not compel that change. *See Perez-Arellano v. Smith*, 279 F.3d

791, 795 (9th Cir. 2002); *see also, e.g.*, *Yagman v. Meinberg*, 680 F. App'x 627, 628 (9th Cir. 2017) (unpublished) (affirming denial of attorneys' fees motion after voluntary action mooted dispute); *Winnemucca Indian Colony v. United States*, 399 F. App'x 240, 241 (9th Cir. 2010) (unpublished) (same). This is true even if a court order put the plaintiff "well down the road to victory." *Citizens For Better Forestry*, 567 F.3d at 1134.

This court did not grant relief to any of the six plaintiffs, but rather only denied the defendants' motions to dismiss and for summary judgment. These orders may very well have been necessary conditions to a plaintiff's victory, but they were not sufficient. Orders denying motions to dismiss and for summary judgment do not grant relief to the nonmoving party. They withhold relief from the moving party. And in the end, the defendants undertook the actions that ended this case voluntarily. The court thus **denies** the motion for attorneys' fees and costs (ECF No. 75).

IT IS SO ORDERED.

DATED: September 17, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE